IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   5:23-MJ-00155 (ATB) |
| | ) | |
| v. | ) | Stipulation and Order |
| | ) | for Enlargement of Time |
| **CHRISTOPHER LLOYD TAYLOR,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATION

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, and the defendant, CHRISTOPHER LLOYD TAYLOR, by and through counsel, John Gilsenan, Esq., hereby agree and stipulate that the time within which an indictment must be filed under 18 U.S.C. § 3161(b), be enlarged to and including sixty (60) days from the date of the order, and that such time be excluded, pursuant to 18 U.S.C. § 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b).

1) The chronology of this case is as follows:

    a) Date of complaint: March 16, 2023

    b) Date of initial appearance: March 16, 2023

    c) Defendant custody status: Released on conditions.

    d) Date United States moved for detention: March 16, 2023

    e) Date of detention hearing: March 17, 2023

    f) Date detention decision issued: March 17, 2023

2) The parties have not stipulated to any earlier enlargements of time and exclusions under the Speedy Trial Act.

3) The United States and the defendant request this exclusion based on the following facts and circumstances:

a) On March 16, 2023, the defendant was charged by criminal complaint with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871. The defendant was arrested on March 16, 2023, and he made his first appearance on March 16, 2023. Following a detention hearing on March 17, 2023, the defendant was released on conditions. A preliminary hearing has not yet been scheduled in this matter.

b) The government accuses the defendant of possessing a rifle with a barrel less than 16 inches in length on March 16, 2023, when law enforcement searched his home in Syracuse, New York. During the search, the government seized various firearms and firearm parts, along with electronic media from the defendant. The case involves complex legal and factual issues related to the alleged possession and transfer of unregistered firearms, including the possession and transfer of auto sears, which are parts that can convert a semi-automatic firearm to fully automatic.

c) The government anticipates producing pre-indictment discovery to the defendant's counsel during the week of March 27, 2023, which will records related to the defendant's criminal history, the search conducted on March 16, 2023, and related relevant conduct. The government will also make other physical evidence from the alleged offense, such as the firearms and firearm parts seized, available to defense counsel for review at the government's offices.

d) Defense counsel will need additional time to review the produced discovery. The requested continuance is also necessary for the defendant's counsel to research and understand the complex legal and factual issues related to the defendant's alleged possession and transfer of unregistered firearms and firearm parts; to prepare and file any pretrial motions, if appropriate;

and engage in plea negotiations with the government, which may dispense with the need for grand jury practice. If the case is not resolved by a plea, the continuance is necessary for the government to prepare for grand jury practice.

4) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because (1) the facts upon which the grand jury must base a determination are unusual and complex, so it is unreasonable to expect return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii); and (2) the failure to grant the requested continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv). The requested continuance allows for reasonable time necessary for the effective preparation by defense counsel to review the evidence with the defendant, so that the defendant may make an informed decision as to whether he wishes to resolve or dispute the charges set forth in the complaint and permits the parties the reasonable time necessary to evaluate the complex and unusual issues of law and fact in this case related to the possession and transfer of unregistered firearms. For all these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv) is appropriate here.

5) The parties stipulate and agree that the 60-day period from the date of the order, shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(iii), and (iv).

*****

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: March 27, 2023
CARLA B. FREEDMAN
United States Attorney

By: *Alexander Wentworth-Ping*
Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll No. 701897

*John Gilsenan*
John Gilsenan, Esq.
Attorney for CHRISTOPHER LLOYD TAYLOR
Bar Roll No. 700557

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   5:23-MJ-00155 (ATB) |
| | ) |
| **v.** | ) Stipulation and Order |
| | ) for Enlargement of Time |
| **CHRISTOPHER LLOYD TAYLOR,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

A.  The Court adopts the stipulated facts set out above as findings and hereby incorporates them into this Order.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because: (1) defense counsel needs additional time to review the discovery related to this case and made available by the United States and failure to grant a continuance in this case would deny the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv); and (2) the facts of the case are so unusual or complex, due to the nature of the prosecution and the existence of novel questions of law and fact related to the possession and transfer of unregistered firearms, that it is unreasonable to expect adequate preparation for the return and filing of an indictment within the period specified in section 3161(b), taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iii).

1

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS, IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including 60 days from the date of this order, and that time be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of 18 U.S.C. § 3161(b), because the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this _____ day of March, 2023.

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge